IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Siobhan Reaves, Jasmine Patrice, and Kathy Reaves<br><br>Plaintiffs,<br><br>vs.<br><br>Jerome Scott Kozacki, Indv & Prof.: Wilcox, Buyck & Williams, PA., Thomas Scott Wilkerson, South Carolina Law Enforcement,<br><br>Defendants. | Case No.: 4:24-cv-4748-JD-TER<br><br><br><br>**ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 12), made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Plaintiffs Siobhan Reaves ("Siobhan"), Jasmine Patrice ("Jasmine") (collectively "Plaintiffs"), and Kathy Reaves's[1] ("Kathy") pleadings.[2]

---

[1]    In *Kathy Reaves v. Travis Washington et al.*, 4:23-cv-3847, this Court imposed a prefiling injunction against Kathy. Since Kathy has not complied with the prefiling injunction she is not a party here.

[2]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## A. Background

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. Nevertheless, the Court provides the following factual allegations to aid the Court's consideration of Plaintiff's objections.

Plaintiffs' Complaint refers to the over twenty actions that their relative, Kathy Reaves, has attempted to pursue in this Court concerning Kathy's arrest, detention, and resulting collateral consequences, including Kathy's attempts at employment as a teacher. (DE 12 at 2.) Plaintiffs' Complaint alleges, among other things, that

1. Three years ago, in the jurisdiction of Columbia (Richland County), the South Carolina Law Enforcement Division issued a BOLO and APB against Kathy to have her arrested and taken into custody.

2. Upon information and belief, the reasons for which this BOLO and APB was issued against Kathy is unknown. It was never disclosed by SLED or anyone in this jurisdiction why a BOLO and APB was issued against Kathy in SC.

3. On November 19, 2021, Kathy was taken into custody by SCHP Charles Michael Dickens, and booked into the Marlboro County jail.

4. Evidence shows that while Kathy was at the jail being booked, she was placed on HOLD for the state of Georgia for a total of fourteen hours.

5. Evidence shows that upon release of Kathy from the jail, she appeared before the Magistrate judge in Marlboro County along with the arresting officer who informed the court that Georgia sent a warrant to SC for the arrest of Kathy. There was no evidence of such a warrant and no warrant was ever served on Kathy while she was on HOLD. On information and belief, the case is still pending in Marlboro County Magistrate court as Kathy exercised her right to a jury trial and has been waiting for over three years now for a trial of these proceedings of an arrest of a Georgia warrant in the jurisdiction of this Court.

6. Through a series of investigations and research, along with the help of the Richmond County Sheriff Office (hereinafter "RCSO"), and

2

under 5 USC 552, FOIA, and Georgia Open Records Document Act, all parties, who were witnesses to the accounts in the City of Augusta - Richmond County concerning the conduct of Michael Daniel Hucko and Cordero Foster of the RCSO, were informed by RCSO Counsel that no warrant was sent or distributed to anyone in SC from and that it was a police report that was sent to the GBI attached to the criminal background for Kathy.

7. With this information, Kathy applied for a teacher position with the North Carolina Public Schools in 2021 and was given a teacher permit with the same criminal background check and police report attached to her background that was sent to SLED in this jurisdiction. Moreover, Kathy was coming from work at the time she was arrested and taken into custody by the arresting officer on November 19, 2021.

8. With the information received from RCSO Counsel, coupled with Kathy's ability to pass background checks in other jurisdictions and gain employment simultaneously, she was able to isolate the cause of action as SC.

9. With this information, Kathy filed a federal action in the USDC - Florence Division, which is the jurisdiction of the arrest in Marlboro County and also the jurisdiction of the Marlboro County jail. There continues to be a lack of evidence of a Georgia warrant being sent to SC jurisdiction as the arresting officer stated on record at the hearing before the Marlboro County Magistrate. She also filed a state action in the Marlboro County state court against the County of Marlboro, Marlboro County Sheriff Office, South Carolina Highway Patrol, Charles Michael Dickens, arresting officer, and the South Carolina Law Enforcement Division and the South Carolina Department of Public Safety and the SCDMV.

10. On information and belief, and unbeknownst to Kathy, the defendants knew they had falsely arrested Kathy, and believed that Georgia sent a warrant without evidence, so they filed a Notice of Removal of State Action to federal court under 4:22-cv-639-TLW so that the federal courts could exercise jurisdiction over the state of Georgia.

11. In that Notice of Removal, the defendants attempted to pin the blame of the arrest of Kathy without a warrant on the SCDMV, citing that she was criminally driving under suspension, with the SCDMV providing evidence to show that her license were suspended for failure to pay property taxes, which is a non-arrestable offense in SC. Evidence shows that Wooten was the presiding judge on the case, and granted a summary judgment

against all defendants and remanded the case back to state court against the SCDMV.

12. Subsequently, upon finding out that the SC State Board of Education was the state agency in SC who voted to have Kathy arrested on the police report that was attached to the criminal background, she filed a state action against them in the Richland County state court.

13. Unbeknownst to plaintiffs and on information and belief, defendants were working in conspiracy with R. Hayne Hodges, III the SC attorney for SC State Board, and both Kozacki and Hodges, III were former law clerks of Terry L. Wooten. While Hodges, III is also involved in this conspiracy against plaintiffs, he is under the jurisdiction of the Columbia SC. Hodges, III also attempting to pin the blame of the arrest and the usage of the police report by the SC State Board of Education that subsequently caused SLED to issue a BOLO and APB that caused the arrest of Kathy in the jurisdiction of Marlboro County, they also filed a Notice of Removal of State Action to the Columbia SC jurisdiction, at the same time that the defendants filed a Notice of Removal of State action in the Florence Division. It is unknown as to how the case filed in the Richland County jurisdiction ended up in the jurisdiction of Florence County as there is no evidence that those two cases were ever connected and that the claim involving SC State Board of Education should have been before the jurisdiction of Terry L. Wooten in the Florence Division.

14. Evidence further shows that this Court in the Florence Division, falsely accused Kathy for filing a duplicative case of her own case which was 4:22-cv-318-TLW-TER without any evidence to show such duplicative filing - as the attorneys were the ones who were unaware that Kathy had already filed an action in federal court. Defendants also stated that they admit that the lawsuit under 4:22-cv-318-TLW-TER and 4:22-cv-639-TLW-TER were duplicative. Defendants also lack evidence that the cases were duplicative cases as all are assuming that Georgia sent a warrant to this jurisdiction for the arrest of Kathy. There continues to be no evidence of a warrant from any jurisdiction sent to SC against Kathy ordering SC to arrest her.

15. Under *Reaves v. Wilkerson, et. al.*, 4:22-cv-318-TLW-TER, defendants were retained to represent SLED, Charles Monty Coats, Thomas Scott Wilkerson, and all SLED employees.

16. Under this case, evidence shows a plethora of filings by the defendants against Kathy and the Richmond County Sheriff Office

4

pinning the blame of the arrest attempting to tie those claims to the arrest of Kathy and the issuance of a BOLO and APB by SLED without probable cause and without jurisdiction to act.

17. Under the Motion to Compel against Kathy that was filed in the action named above, Plaintiffs were forced to review the document deposed on Kathy from defendants, and they used that document to piece together the series of events surrounding who had her arrested in SC and what this was all about.

18. The document composed by the defendants consists of 21 paragraphs, lines or statements. Because of the Order to comply with the Motion to Compel, the plaintiffs were forced to read the document and peruse it in its entirety.

19. It was paragraph 21 that ties Siobhan and Jasmine to these series of events in SC as line paragraph of the defendant Scott Wilkerson's First Set of Request for Admission reads as follows: *"'Admit that the attached Criminal Arrest Warrant (Warrant # CE-010412) attached hereto as Exhibit A was made in the ordinary course of business and is a true and authentic copy of the original."* (Reaves v. Wilkerson, et. al. 4:2 2-cv-318-TLW-TER).

20. While the defendants failed to provide the attached Criminal Arrest Warrant CE -0140412 to the actual request for admission, evidence shows they were in possession of the Criminal Arrest warrant. Further evidence shows that they filed this criminal arrest warrant in the case mentioned in paragraph 19, and this Court issued orders #198, #199, and #200 in favor of Thomas Scott Wilkerson. This statement is further evidence supporting RCSO Counsel's denial of sending such warrant to SC - it was received into SC jurisdiction by the defendants, and filed into this court by the defendants, causing a spiral of false accusations against the plaintiffs in the manner shown in 4:22-cv-318-TLW-TER using a fake felony warrant issued under the local ordinance of the City of Augusta - Richmond County(GA) in the jurisdiction of SC without authority and jurisdiction to act.

21. While this court failed to order the defendants to produce a certified copy of the above referenced warrant, this court as well as the defendants also failed to tie the connection between the criminal arrest warrant and the criminal background check conducted by SLED prior to their filing the fake felony warrant in this jurisdiction.

22. Evidence shows there was a criminal background check conducted against Kathy by SLED, however, there is no evidence tying the criminal arrest warrant in the possession by the defendants to the

5

criminal background check. There is also lack of evidence showing that the criminal arrest warrant of which defendants claim to be a true and authentic copy, was ever valid in the jurisdiction of which it was issued or valid in the jurisdiction of this Court.

23. It is unclear as to how the defendants came into the possession of such warrant and further advise the Court that plaintiffs are involved with the dissolution of the warrant in the jurisdiction of which it was issued, have submitted affidavits, worked with the RCSO from 2018 - 2021 when the defendants issued a BOLO and APB having Kathy arrested and pinning the blame of the arrest on Georgia, and was provided a copy of the warrant application from RCSO Counsel.

24. While this warrant submitted to this Court by the defendants was fraudulent, non enforceable and invalid in accordance with Ga law 1974 Ga Laws 2410 at 2417, section 12, the Georgia Legislature revised section 2 of 197 4 Ga Laws 2410, and 1984 Ga Laws 4467 at 4471, section 2(b). Nothing in 1984 Ga Laws 4467, however, strikes section 12 of 1974 Ga Laws 2410. *(Reaves v. Hucko, et. al.* CV 123-148 Report and Recommendation ADOPTED under the S.D.G.A.) Judge Randall Hall also ruled under this same statute that the warrant defendants illegally obtained from an unknown source was fraudulent, unenforceable, and invalid.

25. Evidence does show that the certified copy of the warrant referenced by Judge Randall Hall under Reaves v. Hucko, et. al. CV 123-148 was sent by David Levert Kyler, Deputy from the Richmond County Magistrate Office, Judge Randall Hall also ruled in his report and recommendation that Kyler did not have jurisdiction to send such a warrant, which was fraudulent, unenforceable, and invalid. Evidence shows Kyler sent the warrant to the Columbia jurisdiction and to R. Hayne Hodges, III, however, there is no evidence that it was sent to the Florence Division and Jerome Scott Kozacki.

26. On information and belief, Plaintiffs believe defendant Kozacki received this same copy sent by Kyler to R. Hayne Hodges, III because the discovery document is dated September 2022, the same date that Kyler used when sending the certified copy of the fake felony warrant to R. Hayne Hodges, III.

27. Evidence of this date shows that Kozacki and R. Hayne Hodges, III worked in conspiracy against the plaintiffs because not only is Kathy involved with the wrongful usage of the fake felony warrant in this jurisdiction but all the plaintiffs. The date that Kozacki deposed this discovery on the plaintiffs coincides with the date of

the hearing in state court under The Honorable Judge DeAndrea Benjamin of which R. Hayne Hodges, III filed with the SC State Court in Richland County. A copy of the email as evidence referencing the filing is attached as evidence.

28. With this evidence, plaintiffs show this Court conspiracy between Kozacki and Hodges, III.

29. Based on the series of events described above, the defendants did not have jurisdiction to receive such fake felony warrant from SC attorney, did not have jurisdiction to file such fake felony warrant in this jurisdiction against the plaintiffs as they are all named on the warrant and/ or filed affidavits in the City of Augusta - Richmond County of which the defendants would have absolutely no knowledge of based on the manner upon which they came into possession of such warrant, and all plaintiffs are permanently injured by the egregious conduct of these defendants.

30. All defendants showed gross negligence in failing to properly secure the fake felony warrant from the City of Augusta - Richmond County of which would~ be valid outside the jurisdiction of the City of Augusta-Richmond County jurisdiction.

31. All defendants made false claims that the warrant was a true and authentic copy and made in the ordinary course of business - all without evidence.

32. While evidence shows that the defendants knew about the criminal background check conducted on Kathy, knew the warrant was unlawfully received from another SC attorney, was not part of the criminal background check they conducted on Kathy, they continued to act intentionally and recklessly, displaying conduct that was extreme and outrageous; causing not only severe emotional distress, but the prolonged continuation of the complexity in the clearance of this fake felony warrant by the SC State Board of Education, causing multiple lawsuits to be filed in this jurisdiction before Wooten, clearly without authority and jurisdiction to act. Hyatt, 943 S.W. 2d at 297.

33. Kozacki's series of willful misrepresentation of material facts, made to induce this Court to act, causing a series of orders typed up using the verbiage of the contents of the warrants along with the plaintiffs name typed in the order under 4:22-cv-318-TLW - TER #196, #198, and #200, filed in a public federal courthouse on the internet accessible nationwide, total and complete lies, a fake felony warrant, permanently damaging the plaintiffs as this information is worldwide, and it is fraudulent, non-enforceable, and invalid, and false.

7

34. Kozacki's mere concealment of a material fact, namely, failing to disclose to this court that a criminal background was conducted on Kathy, and that the SC State Board of Education voted to have Kathy arrested on a police report attached to the criminal background having nothing to do with the warrant Kozacki received a year after Kathy was arrested, was done in such a manner as to deceive and mislead this Court in ruling against the plaintiffs.

35. Even when the cases were appealed, Kozacki continued to perpetuate this lie that the criminal arrest warrant attached to the first set of requests for admission was a true and authentic copy, and that he had a right to be in possession of this fake, felony warrant issued under a local ordinance in the City of Augusta – Richmond County, having nothing to do with him or his defendants, which is the reason why the warrant was never distributed outside of the jurisdiction of City of Augusta - Richmond County.

36. At all times during the events described above, the defendants were engaged in a joint venture and formed an agreement to violate the plaintiffs' rights. Kozacki is an Officer of the Court and failed to intervene in the obviously illegal actions of his client against the plaintiffs.

37. During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

(DE 1.) Plaintiffs' lawsuit alleges three causes of action: 1) Libel/Slander, 2) Intentional Infliction of Emotional Distress, and 3) Gross Negligence. (DE 1.) Plaintiffs request monetary damages. (*Id.*) Siobhan Reaves and Jasmine Patrice signed the lawsuit.

### B. Report and Recommendation

On September 12, 2024, the Magistrate Judge issued the Report recommending dismissal "*without prejudice and without issuance and service of process*" because "Plaintiffs do not have standing to proceed with this action and standing is a threshold jurisdictional issue such that without standing, this court is without jurisdiction to proceed at all in this action." (DE 12 at 6) (*see Career*

*Counseling, Inc. v. Amerifactors Fin. Grp., LLC*, 509 F. Supp. 3d 547, 554 (D.S.C. 2020). The Report found, among other things, that "[t]here is no legally protected interest in not being inconvenienced, frustrated, or embarrassed by a loved one's arrest." (DE 12 at 5) (*see McIlwain v. Prince William Hosp.*, 774 F. Supp. 986, 991 n.6 (E.D. Va. 1991)(collecting cases on lack of standing of relatives).

On September 13, 2024, Jasmine and Siobhan moved to stay this action for 21 days under Rule 15 "so that Kathy can properly file her pre-filing injunction instructions per the order."[3] (DE 14 at 7.) On November 12, 2024, Kathy Reaves (who is not a party to this action) objected to the Report and moved to respond out

---

[3] This Court ordered the following prefiling injunction against Kathy Reaves in *Kathy Reaves v. Travis Washington et al.*, 4:23-cv-3847:

> Plaintiff must also pay the filing fee in full or obtain counsel to file new actions related to any event regarding the Georgia warrant and the 2021 South Carolina arrest in Marlboro County and its effect on Plaintiff's credit report and employment.
>
> Further, Plaintiff is **ORDERED** to accompany any newly filed Complaint with a 'Motion for Leave to File Pursuant to Court Order,' which should not exceed twenty pages in length and shall be forwarded to the Magistrate Judge for determination as to whether leave to file shall be granted, and Plaintiff's Motion shall be accompanied by: (1) a copy of the district judge's pre-filing injunction Order; (2) a statement from Plaintiff that the claims or relief sought are unrelated to the subject matter prohibited as outlined above; (3) a short and plain statement setting forth a valid basis for the claims or relief sought; and (4) a statement that the claims or relief sought either have or have not been raised before in other litigation, and if the claims/relief have been previously raised, then Plaintiff must provide the name of the case, the court where it was filed, the case number, and the disposition of the claims. Failure to comply with any of these requirements will be grounds for the Court to deny a 'Motion for Leave to File Pursuant to Court Order' submitted by Plaintiff.

Despite Plaintiffs' request for a 21-day stay for Kathy to comply with the prefiling injunction, Kathy has not done so. That said, since more than 21 days have passed, Plaintiffs' motion to stay (DE 14) is denied as moot.

of time. (DE 17.) Since Kathy is not a party and is subject to a prefiling injunction, her objection is overruled without further discussion.

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiffs' Objection

Although styled as a motion to stay, the Court nevertheless construes Plaintiffs' motion as an objection to the Report. Plaintiffs seek a stay purportedly under Rule 15, Fed. R. Civ. P., so that Kathy Reaves can comply with this Court's prefiling injunction and be added to this case to assert her claims against the defendants. (DE 14 at 7.)

10

To begin with, Plaintiffs' objection does not address the Report's finding that they lack standing. The Report correctly addresses the requirement for standing to proceed before the Court.

> [T]he party invoking the jurisdiction of the court must include the necessary factual allegations in the pleading, or else the case must be dismissed for lack of standing. *Bishop v. Bartlett*, 575 F.3d 419, 424 (4th Cir. 2009). A federal district court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing. *Meyer v. McMaster*, 394 F. Supp. 3d 550, 559 (D.S.C. 2019)(internal citations and quotations omitted). To show standing, Plaintiffs here must show: (1) that they 'suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;' (2) 'a causal connection between the injury and the conduct complained of'; and (3) that it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.' *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) (internal citations and quotation marks omitted).

(DE 12 at 3-4.) Plaintiffs do not allege any legally protected interest concerning Kathy's arrest. Therefore, Plaintiffs cannot satisfy the injury in fact element of the standing test.

Given this Court lacks jurisdiction under the standing doctrine and adding Kathy Reaves will not correct this deficiency, along with the fact that the Report recommends this matter be dismissed without prejudice, Plaintiffs' objection is overruled.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 12) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiffs' Complaint (DE 1) is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Florence, South Carolina
January 23, 2025

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.